IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02213-BNB

OLOYEA WALLIN,

      Plaintiff,

v.

ARAPAHOE COUNTY DETENTION FACILITY,
MR. ROBINSON,
MR. LAUDERDALE,
MR. WALLER,
MR. COOK,
MANOS,
FENDER,
ARAMARK CORPORATION,
PAM,
MS. ROSIE,
MARY,
SEAN,
MOE,
WHEELER,
ARAPAHOE COUNTY COMMISSIONERS,
COLORADO DEPARTMENT OF CORRECTIONS,
JEANNE MILLER,
MAX WINKLER,
COLORADO BOARD OF PAROLE, and
ALLEN STANLEY,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV – 6 2007

GREGORY C. LANGHAM
                CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Oloyea Wallin, is a prisoner in the custody of the Colorado Department
of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional
Facility at Crowley, Colorado.  Mr. Wallin initiated this action by filing a *pro se* Prisoner
Complaint alleging that his constitutional rights have been violated.  He asks for

injunctive and declaratory relief and money damages.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wallin will be ordered to file an Amended Complaint, name only proper parties to the action, assert personal participation by proper parties, and provide correct information under Section "E. Previous Lawsuits" of the complaint form.

The Court has reviewed the Complaint and finds that it is deficient. Mr. Wallin may not sue the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644

(10th Cir. 2003).

As for Defendants Arapahoe County Detention Facility and Arapahoe County Commissioners, they are not separate entities from Arapahoe County and, therefore, are not persons under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the detention facility and the commissioners must be considered as asserted against Arapahoe County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Wallin cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

With respect to Defendant Colorado State Parole Board, allegations against the board fail to state claims under § 1983 because the Board is not a person for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Croft v. Harder,* 927 F.2d 1163, 1164 (10th Cir. 1991). This protection flows from the State's Eleventh Amendment immunity. *See Will,* 491 U.S. at 66. Therefore, the parole board is an improper party to the action.

Plaintiff also must assert personal participation by each named defendant. *See*

3

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Wallin must name and show how the DOC employees caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Although Plaintiff identifies individuals in the caption of the Complaint, and refers to Defendants in Section "C. Nature of the Case," he does not assert what each of the individuals specifically did to violate his constitutional rights.

The Court further notes that Plaintiff failed to provide complete information under Section "E. Previous Lawsuits" of the complain form. Plaintiff only names one suit that he has filed in either a federal or state court. The Court is aware of numerous suits that he alone has filed in this Court. Plaintiff's Complaint will be subject to dismissal he does not provide correct information in the complaint form. Accordingly, it is

ORDERED that Mr. Wallin file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order and names the proper parties to the action and identifies, under Section E. of the complaint form, all previous lawsuits Plaintiff has filed in either a federal or state court. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Wallin, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be

used in submitting the Amended Complaint.  It is

FURTHER ORDERED that if Mr. Wallin fails within the time allowed to file an

original and sufficient copies of an Amended Complaint that complies with this Order, to

the Court's satisfaction, the action will be dismissed without further notice.

DATED November 6, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-02213-BNB

Oloyea D. Wallin
Prisoner No. 111389
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _11/6/07_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk