IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02213-BNB

OLOYEA WALLIN,

Plaintiff,

v.

ARAPAHOE COUNTY DETENTION FACILITY,
MR. ROBINSON,
MR. LAUDERDALE,
MR. WALLER,
MR. COOK,
MANOS,
FENDER,
ARAMARK CORPORATION,
PAM,
MS. ROSIE,
MARY,
SEAN,
MOE,
WHEELER,
ARAPAHOE COUNTY COMMISSIONERS,
COLORADO DEPARTMENT OF CORRECTIONS,
JEANNE MILLER,
MAX WINKLER,
COLORADO BOARD OF PAROLE, and
ALLEN STANLEY,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 26 2008

GREGORY C. LANGHAM
CLERK

## ORDER DISMISSING CASE

Plaintiff Oloyea Wallin, a Colorado state prisoner, initiated this action by filing a *pro se* Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915. On October 19, 2007, Magistrate Judge Boyd N. Boland granted Plaintiff leave to proceed pursuant to § 1915 without payment of an initial partial filing fee. Subsequently on November 6, 2007, Magistrate Judge Boland entered an order instructing Plaintiff to file an Amended Complaint and to name the proper parties to the action and to identify in Section E. of the complaint form all of the previous lawsuits that Plaintiff has filed in either federal or state court. Plaintiff requested an extension of time in which to amend the Complaint. Magistrate Judge Boland granted Plaintiff a thirty-day extension of time on December 10, 2007.

On February 12, 2008, Plaintiff filed a "Motion for Voluntary Dismissal Without Prejudice." The Court must construe the Motion liberally because Plaintiff is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment . . . ." No answer has been filed by Defendants in this action. Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. **See** J. Moore, Moore's Federal Practice ¶ 41.02(2) (2<sup>d</sup> ed. 1995); **Hyde Constr. Co. v. Koehring Co.**, 388 F.2<sup>d</sup> 501, 507 (10th Cir. 1968).

The Court, therefore, construes the Motion as a Notice of Dismissal filed pursuant to Rule 41(a)(1). The file will be closed as of February 12, 2008, the date the Notice was filed with the Court. **See Hyde Constr. Co.**, 388 F.2<sup>d</sup> at 507. Accordingly, it is

ORDERED that the Motion is construed as a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) and is effective as of February 12, 2008, the date Plaintiff filed the Notice in the action.

DATED at Denver, Colorado, this 25 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 07-cv-02213-BNB

Oloyea D. Wallin
Prisoner No. 111389
Colorado Territorial Correctional Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/26/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk